# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET ALLEN,<br><br>   Plaintiff,<br><br> v.<br><br>VALLEY STATE PRISON FOR WOMEN, et al.,<br><br>   Defendants. | Case No. 1:12-cv-00390-DLB PC<br><br>**ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM WITH LEAVE TO AMEND**<br><br>ECF No. 1<br><br>RESPONSE DUE WITHIN THIRTY DAYS |

## I. Background

Plaintiff Janet Allen ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. On March 15, 2012, Plaintiff filed her complaint. ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

1

claim upon which relief may be granted." *Id.* § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.   Summary of Complaint

Plaintiff is incarcerated at Valley State Prison for Women ("VSPW") in Chowchilla, California, where the events giving rise to this action occurred. Plaintiff names as Defendants VSPW, the state of California, and correctional officers C. D. Lee and M. Medina.

Plaintiff alleges the following. Plaintiff complained that in January 2011, all the doors were opened, when pursuant to regulation each door was supposed to be open individually. Plaintiff was frustrated that staff was overly friendly with inmates, who brought special gifts and approached staff. After all the doors were opened, Plaintiff approached Defendant Lee, who had opened all the doors, and complained to him that his unprofessional behavior was inappropriate. Defendant Lee called Plaintiff a snitch. After recreation time, Defendant Lee allowed one of his porters, inmate Peraza, to enter Plaintiff's room and assault her. She had received special gifts and favors. Plaintiff spoke with ISU (investigative services unit) and filed several grievances, which disappeared mysteriously. Defendant Lee allowed two more inmates to come in Plaintiff's room and assault her with a lock, fracturing her face. Plaintiff was rushed to Fresno Hospital and Madera specialists. No incident report was filed, nor was an alarm activated. Plaintiff suffered major injuries, harassment, retaliation, and was bribed to not file a lawsuit.

Plaintiff would like the Court to investigate this matter, but makes no other requests for relief.

///

///

### III. Analysis

#### A. Rule 8(a) and Linkage

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, "[a] pleading that states a claim for relief must contain: . . . (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Plaintiff has not made a request for relief. The Court does not investigate on behalf of any party. Plaintiff thus fails to state a claim.

Plaintiff fails to state a claim against Defendant Medina. Plaintiff alleges no facts which demonstrate that Defendant Medina did any actions that violated Plaintiff's constitutional rights. *See Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) ("A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.").

#### B. Eighth Amendment

The Court construes Plaintiff's allegations against Defendant Lee as a claim for violation of the Eighth Amendment. "Prison officials have a duty to take reasonable steps to protect inmates from physical abuse." *Hoptowit v. Ray*, 682 F.2d 1237, 1250 (9th Cir. 1982); *see also Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005); *Robinson v. Prunty*, 249 F.3d 862, 866 (9th Cir. 2001).

To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferen[t]" to serious threats to the inmate's safety. *See Farmer*, 511 U.S. at 834. To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Id.* at 837.

Based on Plaintiff's allegations, Plaintiff has sufficiently satisfied the first prong of an Eighth Amendment claim, regarding a serious threat to Plaintiff's safety. Plaintiff also satisfies the second prong, deliberate indifference. Plaintiff alleges sufficient facts to indicate that Defendant Lee knew

of and disregarded an excessive risk of serious harm to Plaintiff's safety. Plaintiff alleges facts which indicate that Defendant Lee knew that inmate Peraza would attack Plaintiff and failed to act to prevent it. Plaintiff alleges facts which indicate that Defendant Lee allowed two other inmates to assault Plaintiff with a lock. However, because Plaintiff failed to make a request for relief, Plaintiff does not state a claim.

### C.     Retaliation

For a viable claim of First Amendment retaliation, the following elements must be met: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (quoting *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005)).

Plaintiff has alleged sufficient facts regarding First Amendment retaliation against Defendant Lee. Allowing two inmates to assault Plaintiff is an adverse action. Filing inmate grievances is protected First Amendment activity. Regarding causation, Plaintiff appears to allege that after she filed inmate grievances, the grievances disappeared, and she was later attacked by two inmates because Defendant Lee allowed them to assault her. Such adverse action would chill an inmate's exercise of her First Amendment rights, and would not be in furtherance of a legitimate penological goal. However, because Plaintiff failed to make a request for relief, Plaintiff does not state a claim.

### D.     Defendants VSPW and State of California

Plaintiff lists liability against VSPW and the State of California ("the State"). VSPW is operated by CDCR, a state agency. The State, and CDCR as an agency of the State, both have Eleventh Amendment immunity from suit. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

### IV.     Conclusion and Order

Plaintiff fails to state any cognizable federal claims against any Defendants. The Court will provide Plaintiff with an opportunity to file a first amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds*, *Lacey v. Maricopa County*, -- F.3d --, 09-15806, 2012 WL 3711591 (9th Cir. Aug. 29, 2012) (en banc); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," L. R. 220.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file a first amended complaint within **thirty (30) days** from the date of service of this order;

3. Plaintiff may not add any new, unrelated claims to this action via the first amended complaint and any attempt to do so may result in an order striking the first amended complaint; and

4. If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:   **October 18, 2012**          /s/ Dennis L. Beck
                                        UNITED STATES MAGISTRATE JUDGE